# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE ADELPHIA COMMUNICATIONS CORPORATION SECURITIES AND DERIVATIVE LITIGATION | |
| *Island Partners, et al. v. Deloitte & Touche LLP* | Misc. Action No.:_____ |
| JAMES RIGAS, ZITO I, L.P., and ZITO MEDIA, L.P., <br>                 Plaintiffs, <br> v. <br><br> DELOITTE & TOUCHE, LLP, <br>                 Defendant. | This action relates to Civil Action: 03 MDL 1529; 05-CV-2770 (S.D.N.Y.) (JMF) |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEPOSITION TESTIMONY OF NON-PARTIES KAREN CHROSNIAK LARSEN, JAMES R. BROWN AND DOUG MALONE

Plaintiffs James Rigas, Zito I, L.P., and Zito Media, L.P. (collectively, "Plaintiffs"), by and through undersigned counsel, respectfully submit this memorandum of law in support of their motion, pursuant to Federal Rules of Civil Procedure 37 and 45,[1] seeking an order compelling the deposition testimony of Karen Chrosniak Larsen, James R. Brown and Doug Malone (collectively, the "Witnesses"), all former officers of Adelphia Communications Corporation ("Adelphia").

---

[1] Federal Rule of Civil Procedure 37(a)(2) provides that a motion for an order compelling discovery of "a nonparty must be made in the court where the discovery is or will be taken."

116459549_1

I.      **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Plaintiff James Rigas is a former officer and director of Adelphia. Prior to 2002, Mr. Rigas and his family were also the controlling shareholders of Adelphia and certain privately owned cable systems that were managed by Adelphia. Plaintiffs Zito Media and Zito I are the successors in interests to certain of these private cable companies and other non-cable companies which had been owned by Mr. Rigas and his family ("RFEs"). Plaintiffs have sued Deloitte & Touche, LLP ("Deloitte") for negligence and negligent misrepresentation in conjunction with Deloitte's advice on accounting, auditing, and SEC disclosure issues. A true and correct copy of Plaintiffs' Amended Complaint is attached hereto as Exhibit "A". This lawsuit is the last of numerous cases that were transferred to the United States District Court for the Southern District of New York as part of the multi-district litigation involving Adelphia. The deadline to complete discovery is March 7, 2014.[2]

By virtue of their positions as former employees of Adelphia, the Witnesses have information relevant to Plaintiffs' claims, including information related to the representations made by Deloitte to the RFEs, Deloitte's conduct in providing services to the RFEs, and rebutting Deloitte's claim that information was withheld from it.

Plaintiffs issued subpoenas to the Witnesses requiring them to testify at depositions in Williamsport, Pennsylvania. Each of the Witnesses have previously invoked their Fifth Amendment right not to testify against themselves in civil litigation relating to Adelphia. In response to the subpoenas issued in this case, each Witness expressed the intention to assert their Fifth Amendment rights in response to questions relevant to this lawsuit. True and correct copies of the Witnesses' responses are attached hereto as Exhibit "B". Subsequently, Plaintiffs and the

---

[2] Contemporaneously herewith, Plaintiffs are requesting a limited extension of the March 7, 2014 discovery deadline to permit Plaintiffs to take the Witnesses' depositions outside of the discovery period.

Witnesses executed agreements (the "Agreements") to forego attendance at the scheduled depositions and proceed to litigating in this Court whether the Witnesses' invocation of the Fifth Amendment is appropriate.  Specifically, the Agreements provide that the Witnesses invoke the Fifth Amendment regarding:

1. Your knowledge of any fraud during your tenure as an employee of Adelphia Communications Corp. ("Adelphia");

2. Your interaction with Deloitte while an employee of Adelphia;

3. knowledge regarding information provided to Deloitte;

4. Deloitte & Touche's audit of Adelphia, including the status of its audit of Adelphia's 2001 financial statements as of March 27, 2002 and reasons for declining to issue an audit opinion letter with respect to those financial statements;

5. operation of Adelphia's Millennium accounting system;

6. the substance of communications with Adelphia's Special Committee or the government;

7. termination of your employment with Adelphia, including any agreements entered into with Adelphia concerning such termination; and

8. content of prior testimony, if any, given by you after March 27, 2002 relating to members of the Rigas family and Adelphia.

True and correct copies of the Agreements are attached hereto as Exhibit "C".

## II.    LEGAL ARGUMENT

The Witnesses can show no real risk of self-incrimination from answering questions related to the topics listed in the Agreements.  The Fifth Amendment privilege protects against the danger of later criminal proceedings.  *See Garner v. United States*, 424 U.S. 648, 653 (1976); *United States v. Blumberg*, 787 F.Supp. 67, 70 (S.D.N.Y. 1992) (noting witness has burden to show "a legitimate fear of prosecution" and compelling him to testify).  It is well established that legal bars to prosecution eliminate any risk of self-incrimination such that a witness may be

compelled to testify despite invoking the Fifth Amendment.  *See*, *e.g.*, *Siviglia v. Siviglia*, 138 F.R.D. 452, 453 (E.D. Pa. 1991) (concluding that witness may be compelled to testify at deposition as to criminal actions where prosecution was barred by statute of limitations); *Blumberg*, 787 F.Supp. at 70-71 (assertion of Fifth Amendment unreasonable where limitations had run on possible crimes); *Brown v. Walker*, 161 U.S. 591, 598 (1896) ("[I]f a prosecution for a crime . . . is barred by the statute of limitations," the witness is "compellable to answer.").

This Court denied a motion to compel as to Karen Chrosniak Larsen regarding similar subject matter in *Adelphia Recovery Trust v. Bank of Am., N.A.*, No. 4:09-00139, 2009 WL 4268982 (M.D. Pa. Nov. 24, 2009).  Significantly however, the Court based its conclusion on the fact that "the statute of limitations for at least one highly-relevant federal crime [had] not run." *Id*. at *6.  Now, over eleven years since the events in question, it is no longer in dispute that the limitations period has run for all relevant crimes that could possibly relate to the topics listed in the Agreements.  For example, the limitations period for all potential tax violations is either three or six years, and for federal bank fraud is ten years.  *See* 26 U.S.C. § 6531; 18 U.S.C. § 3293. Moreover, Mr. Brown has already pled guilty pursuant to an agreement with the government. Accordingly, there is no danger that the Witnesses' deposition answers will expose them to criminal prosecution, and the Witnesses should be compelled to testify.

Notably, both Mr. Brown and Ms. Larsen have already given substantial testimony on the events surrounding Adelphia.  Mr. Brown testified extensively as the star witness at the criminal trial of certain former officers of Adelphia.  He has also testified in civil proceedings on behalf of the SEC.  Ms. Larsen likewise testified for eight days at the criminal trial.  Accordingly, any Fifth Amendment right has long since been waived by both parties.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion to compel.

Respectfully submitted,

/s/ Christie Callahan Comerford
Lawrence G. McMichael
Christie Callahan Comerford
DILWORTH PAXSON LLP
1500 Market Street
Suite 3500E
Philadelphia, PA 19102
(215) 575-7000
(215) 575-7200

Dated: February 24, 2014                              Attorneys for Plaintiffs

116459549_1